### WALKER & TRENHOLM v. LANEY.

1. The judge may state to the jury the testimony of the witnesses, or the substance thereof, but he must not intimate his opinion upon the force and effect of the testimony.

2. Where an assignment was denied in the answer but not in testimony, and was proved by the plaintiffs, the Circuit Judge did not err in charging the jury that there was before them no denial of the assignment.

3. An account may be proved not only by the book of original entry, but also by the personal knowledge of a witness or the admissions of the debtor.

4. The statute of limitations is properly pleaded only by alleging the facts which would make the statute applicable. Where the plea was "the account is barred by the statute of limitations," the Circuit Judge did not err in instructing the jury to disregard this defence.

Before COTHRAN, J., Chesterfield, September, 1886.

The opinion states the case.

*Messrs. Prince & Rankin,* for appellant.

No counsel contra.

July 9, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs, respondents, brought the action below as assignees of an open account alleged to have been contracted by defendant with M. A. Wells for goods, wares, and merchandise, between the years 1872 and 1877, amounting in value to the sum of $374.53, and by the said Wells assigned to the plaintiffs. The action was commenced January 10, 1884, the plaintiffs alleging in their complaint the contracting of the account, the consideration, that it was duly assigned to them, that during the fall of 1881, the defendant, appellant, in a written note to E. M. Wells, agent of M. A. Wells, the then owner and holder of the account, acknowledged and promised to pay it. The appellant denied in his answer each and every allegation in the complaint, and for a further defence he said: "The account is barred by the statute of limitations." The case resulted in a verdict for the plaintiff for $374.50.

The defendant's appeal is based upon the following exceptions:

"1st. His honor erred in charging the jury that Mr. E. M. Wells, the agent of M. A. Wells, 'had testified that the items of the account are true,' when the fact was that it was in evidence that two of the books were burnt or could not be found, four or five of them were found and statement only in one book was referred to as being correct.

"2nd. His honor erred in charging the jury that the same witness testified that 'some time in 1881, I think, he had a conversation with the defendant Laney in the back of room of his store, and went over the account item by item and acknowledged that the account was correct.'

"3rd. His honor erred in charging that the assignment to the plaintiff was not denied by the defendant, when the answer does expressly deny it.

"4th. The account was not proved as required by the rules of evidence.

"5th. His honor erred in holding that the bar of the statute of limitations was not well pleaded, and in instructing the jury to disregard it.

"6th. The verdict was contrary to and without evidence to sustain it."

Exceptions one, two, and three, we suppose, were intended to raise the question that his honor charged upon the facts contrary to the provisions of the constitution on that subject. This constitutional inhibition does not prevent the trial judge from stating to the jury what the witnesses testified to; on the contrary, it may be very proper in many cases for him to read the testimony in full to the jury, and to so arrange it as that its application may be seen. All this, however, is left very much to his discretion. What he is forbidden to do is, that his opinion as to the force and effect of the testimony must not go to the jury. There must be no intimation from him, either accidental or intentional, as to what disputed facts have been proved.

Now, it seems to us that exceptions one and two show on their face, that his honor below did not violate this rule. He simply stated that Mr. E. M. Wells had testified in a certain way, to wit: "That he had testified that the items of the account were true." "That some time in 1881, he had had a conversation with the defendant Laney in the back room of his store, and went over the account item by item, and he acknowledged the account was correct." This was not giving to the jury any opinion of his own as to these facts; it was only stating what the witness had said. It may be that this statement was not in the precise language of the witness, but yet it was substantially what he had sworn. The difference between the "counting-room" of the witness, where he said the conversation took place, and the "back room of the store," mentioned by the judge was immaterial. The important matter was the conversation.

As to the third exception, we suppose his honor meant that there was no denial of the assignment in defendant's evidence—no evidence directed to that point. Of course, the answer could not be regarded as testimony.

The 4th exception complains that the account was not proved according to the rules of evidence. This is a very general exception, no special rule being pointed out, which was violated or disregarded. It is true, as stated in the argument of counsel, an account may be, and must be, in the absence of other legal testimony, proved by the introduction of the original entries, but still it may be proved by a witness who was present and saw the

account contracted, or by the admissions of the party charged. We think in this case that there were admissions of the defendant, sufficient to go to the jury, and the verdict having been rendered in favor of the plaintiff, on a question of fact like this, it cannot be disturbed by this court upon a general exception like the one under consideration.

The 5th exception questions the ruling of the judge on the subject of the plea of the statute of limitations. The defendant, at the conclusion of his answer, stated that "for a further defence the account is barred by the statute of limitations." The judge held this to be an insufficient mode of interposing the bar of this statute, and we think, according to strict law, he was correct. The pleadings should contain the facts upon which the issue between the parties is made up, alleged on the one side and denied on the other, and not simply conclusions of law, and where the defence rests upon facts as matter of avoidance, they should be averred. The facts upon which the statute of limitations may be interposed as a defence is, that the promise was not made within six years. Here this fact was not alleged, but the defendant simply claimed the benefit of the statute, without stating any ground upon which to base his claim. This was a defect in substance rather than in form. It was pleading a conclusion of law instead of averring facts, upon which an issue might be raised, to be submitted to the jury.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.