7619

C. B. CROSLAND CO. v. PEARSON.

1. CHARGE.—Instructing jury that there is only one pivotal issue in this case and that is who made the contract, to whom did plaintiff sell the goods and who intended to buy them, is not charge on facts as it was stating the only issue raised by the pleadings. If error is made in stating issues, Judge's attention should be called to it.

MR. JUSTICE HYDRICK thinks Judge may commit reversible error in stating issues.

2. EVIDENCE—BOOK OF ACCOUNT.—It is immaterial to whom goods are charged on the day books of a mercantile company if there is an agreement with another to pay for them. An account may be proved by books of original entry, by the personal knowledge of the seller, or by admissions of the debtor.

3. IBID.—IBID.—Where books of account are admitted without objection, one inferentially shown to be connected with the business may testify as to them.

Before GAGE, J., Marlboro, April, 1909.    Affirmed.

Action by C. B. Crosland Co. against Rachel E. Pearson. From judgment for plaintiff, defendant appeals.

*Messrs. Newton & Owens,* for appellant, cite: *Proof of entries in merchant's book:* Green, sec. 115 ; McKelvey, sec. 164; 17 Cyc., 368, 370; 45 Strob., 58; 1 N. & McC., 186; 1 Brev., 105; 1 Bay, 473, 38; 2 McM., 133. *Charge on facts for Judge to say only one pivotal question:* 38 S. C., 31; 47 S. C., 513; 56 S. C., 531; 49 S. C., 305; 27 S. C., 549; 16 Ency., 465; 35 S. C., 180; 66 S. C., 485; 76 S. C., 63.

*Messrs. Townsend & Rogers,* contra, cite: *Stating issues is not charging on facts:* 55 S. C., 403; 74 S. C., 338; 68 S. C., 38; 27 S. C., 150. *Books of original entry not always best evidence of liability for goods sold:* 28 S. E. R., 573; 2 Speer, 287 ; 2 Bail., 395 ; 1 N. & McC., 263.

July 14, 1910. The opinion of the Court was delivered by

MR JUSTICE GARY. This is an action upon an account, for goods sold and delivered by the plaintiff, to the defendant.

The jury rendered a verdict in favor of the plaintiff for $395.40, which was afterwards reduced to $387.65, and the defendant appealed.

The first exception assigns error, on the part of his Honor, the presiding Judge, in charging the jury that "there is only one pivotal issue in this case for you, and that is, who made this contract, to whom did Crosland intend to sell the goods, and who intended to buy them?" on the ground that the charge was in violation of art. V, sec. 26, of the Constitution, which provides that "Judges shall not charge juries in respect to matters of fact, but shall declare the law."

It is not a charge on the facts to state the issues raised by the pleadings. *Miles* v. *Tel. Co.,* 55 S. C., 403, 33 S. E., 493.

If the presiding Judge states the issues erroneously, it is the duty of counsel to call his attention to such error, otherwise he waives the right to make it the basis of an exception, on an appeal to the Supreme Court. *State* v. *Still,* 68 S. C., 37, 46 S. E., 524.

The second exception is as follows: "Because his Honor erred in charging the jury, 'It is a matter of no consequence as to how they were charged on these day books,' error being that this was a charge upon facts, and further error that this took from the jury the right to consider the original entry, the evidence being the charge that was made in the books referred to." The words of his Honor, the presiding Judge, set out in this exception, are only part of a sentence. His charge in this respect was as follows:

"If Mrs. Pearson went to the store and got the goods, and if her daughters went there and got the goods, and the intention and agreement was that she should be liable for the goods, it is a matter of no consequence as to how they were charged on these day books. You may look at these books, to throw light upon the transaction, but if the agreement between the parties, to wit: Mrs. Pearson and Crosland, was that she was to get the goods, and she was to be liable for the goods, and Crosland sold them upon that agreement, why these entries in the day books are not conclusive."

His Honor simply meant to charge the jury that it was immaterial to whom the goods were charged on the day books, if there was an agreement between the plaintiff and the defendant, that she was to be liable for them. An account may be proved, not only by the book of original entry, but also by the personal knowledge of a witness, or the admissions of the debtor. *Walker* v. *Laney,* 27 S. C., 150, 3 S. E., 63.

The ruling of the presiding Judge is sustained by the case of *Lorick* v. *Caldwell,* 85 S. C., 94.

The third exception is as follows: "Because the verdict is not in accordance with the proven facts in this case, particularly there was no sufficient proof nor any proof, for the items of balance of account for 1906, in the sum of fourteen and 66-100 dollars, which item was necessarily included, and made a part of the verdict, of three hundred and ninety-five and 40-100 dollars." It is only necessary to refer to the following testimony of Frank Crosland, to show that this exception cannot be sustained:

Q. "When the settlement was due in 1906, was any objection made by her or anyone in her behalf? A. No, sir; never since we have done business with her. Q. How much balance was left from the 1906 account? A. Fourteen dollars and something. Q. Does your book show it? A. Yes, sir. The Court: Was the balance struck, and after it was struck, did she admit that it was due? A. Yes, sir.

Q. How much was that balance?    A. Fourteen dollars and sixty-six cents."

The fourth exception is as follows: "Because the jury erred in finding that the defendant was liable for the items, in the sum of two hundred and seventeen and 54-100 dollars, which were purchased by Moses Pearson and children of Moses Pearson, and was so entered on the books of original entry." We have already shown, that charging an account upon the books of original entry, is not conclusive. There was testimony tending to show, not only that the defendant had agreed with the plaintiff to be liable for the account, but afterwards acknowledged its correctness, thus showing that there was testimony sustaining the verdict, in which case, as this is an action at law, the facts are not reviewable by this Court.

The fifth exception is as follows: "Because his Honor erred in not granting the motion to strike from the record and the testimony, the evidence of R. B. Crosland and Frank Crosland, it being respectfully submitted that there was no evidence to show that R. B Crosland and Frank Crosland were connected in any way with the C. B. Crosland Company." The exception fails to point out wherein it was incumbent on the plaintiff to show that the Croslands were connected in any way with the C. B. Crosland Company.

The appellant's attorneys have, however, argued as if the exception had assigned error on the part of the presiding Judge, in the following particular: "In allowing the witnesses, R. B. Crosland and Frank Crosland, to testify from books which purported to be books of original entry of the plaintiff, when the same had not been duly authenticated, and the two witnesses had not been shown to be connected in any way with the plaintiff." Even if the exception had raised this question, it could not be sustained, as the books were introduced in evidence without objection, and the tes-

timony tended to prove, at least inferentially, that the Croslands were connected with said company.

The sixth exception is as follows: "Because his Honor erred in overruling motion to strike from the record all the account for 1906, it being submitted that it was error to submit the same, over objection of counsel for defendant, who insisted upon proof of the balance, and the items out of which that balance grew, and the plaintiff had served bill of particulars concerning same." What was said, in considering the third exception, disposes of the question presented by this exception.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS *concurs in the result and in the separate opinion of* MR. JUSTICE HYDRICK.

MR. JUSTICE HYDRICK, *concurring:* I concur, except in the reasons given for overruling the first exception.

While it is generally true that stating the issues is not charging upon the facts, for, in doing so, the Judge does not state the allegations of the pleadings as facts, but merely as what the parties respectively allege the facts to be; still, I can see how a Judge might charge upon the facts, even in stating the issues. And if he should do so, it might be reversible error.

If there had been really more than one issue of fact in this case, I think it would have been error to charge as complained of. But a careful examination of the record convinces me that there was really only one issue of fact for the jury, and that the one stated by the Judge. To be sure, under the pleadings, every item of the account was in issue, but they had all been regularly proved, and the only items contested by the defendant in evidence had been voluntarily deducted from the account. Therefore, unless the jury disregarded the uncontradicted testimony of plaintiff's wit-

nesses, given in proof of the items, they were bound to find for plaintiff the amount so proved, if they found the defendant liable for the account.