## 11050

### W. T. RAWLEIGH CO. v. THOMPSON *ET AL.*

(114 S. C., 702)

1. Evidence—Guaranty—Account May be Proved by Testimony of Merchant or Salesman, Admissions, or Books Authenticated by Person Making Entries, or Handwriting.—In an action against a principal and two guarantors for goods sold and delivered to the principal, the account could be proved by testimony of merchant or salesman from personal knowledge of sale and delivery, by books of original entry when authenticated by person making entries, or upon proof of his handwriting; or by admissions by debtor.

2. Guaranty—When Orders Held Not to Prove Sale and Delivery.—In an action against a principal and two guarantors for goods sold and delivered to the principal, *held* the written orders of the principal were admissible as links in the chain of evidence, but did not prove sale and delivery.

3. Evidence—Invoices Held Admissible to Show Amount Paid, but Not Admissible in Absence of Proof That They Were Received by Debtor and Were Not Evidence of Sale and Delivery.—In an action against a principal and two guarantors for goods sold and delivered to the principal, the introduction of invoices to show amounts to be paid under the principal's agreement was proper, but they were not admissible in the absence of proof showing that the principal received the invoices; and, whether received or not, would not have been proof of the sale and delivery.

Note: On admissibility of books of account as to sale and delivery of goods, see note in 52 L. R. A., 690.

4. Evidence—Bills of Lading Held Admissible to Show Delivery Under Terms of Contract.—In an action against a principal and two guarantors for goods sold and delivered to the principal, *held* bills of lading were admissible under terms of the contract with the principal that delivery to the carrier should be regarded as complete.

5. Evidence—Itemized Statement Held Not Admissible as Substitute for Original Books of Entry.—In an action against a principal and two guarantors for goods sold and delivered to the principal, *held* that an itemized statement of account made up by plaintiff in its office was ex parte and not admissible as a substitute for books of original entry.

6. Trial—Instruction that Execution of Guaranty Contract Only Issue Held Erroneous, Where Sale and Delivery and Amount of Account Not Conclusively Proved.—Where, in an action against a principal and two guarantors for goods sold and delivered to the principal, the plaintiff failed to conclusively estab'ish a sale and delivery of the goods, and the amount of the account, an instruction that the only issue in the ca⸱e was the execution by defendants of the guaranty contract *held* erroneous.

7. Evidence—Uncontradicted Evidence from Books of Original Entry Warrants Assumption That Account is Proved.—Where evidence is full upon the matter of proof of account by books of original entry, and stands uncontradicted, the Court is justified in assuming that account is proved.

Before Moore, J. Marlboro. Affirmed on condition.

Action by W. T. Rawleigh Company against D. B. Thompson, William Rogers, and Solomon Arkle. Judgment for plaintiff, and defendants Arkle and Rogers appeal.

*Mr. J. K. Owens,* for appellants, cites: *Invoice not proof of sale and delivery:* 23 Cyc., 351; 91 U. S., 618. *Principal and guarantors cannot be sued jointly:* 12 R. C. L., 1094, Sec. 48; 31 L. R. A. (N. S.), 149; 98 S. E., 414; 47 Am. Rep., 599; 24 Ill., 132; 33 Am. Rep., 447; 33 N. W., 445; 71 Pa., 100; 45 Rex., 553; 4 Wis., 190; 18 Fed. Cas., 1122, No. 10732; 68 S. C., 1.

Mr. D. D. McColl, for respondent.

Nov. 14, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action against D. B. Thompson as principal, and the other two defendants Solomon Arkle and William Rogers, as guarantors, upon an account for goods sold to Thompson, and guaranteed by the other defendants under a written contract.

On December 20, 1913, the plaintiff and the defendant Thompson entered into a written contract by which the plaintiff agreed to sell to Thompson, and he to pay for, such of its medical products as Thompson might, at his option, from time to time order, at the usual and customary wholesale list price as shown upon the invoice of each shipment, the sale and delivery to be complete upon delivery to carrier at the plaintiff's shipping point. On the same day the defendants Arkle and Rogers executed a guaranty of all indebtedness which Thompson might incur under the said contract.

The plaintiff claims to have sold Thompson goods to the amount of $829.25, in pursuance of said contract, which he failed to pay upon demand, and he brings this action against Thompson upon the account, and against the other defendants upon their guaranty. The defendant Thompson made default, and the other defendants answered, putting in issue the material allegations of the complaint.

Upon the trial the plaintiff, to establish the sale, delivery, and price of the goods sold, put in evidence: (1) Certain written orders for goods signed by Thompson; (2) certain invoices purporting to be invoices of goods shipped by plaintiff to Thompson; (3) certain bills of lading purporting to have been issued by a common carrier, showing consignments to Thompson; (4) an itemized statement showing goods sold and credits, leaving an alleged balance due plaintiff of $829.25.

To the introduction of these several exhibits, the defendants made seasonable objection, upon the ground that the account against Thompson could be proved only by the books of original entry. The objections were overruled and

the evidence admitted. In his charge to the jury the Circuit Judge held that the evidence presented no issue as to the sale and delivery of the goods to Thompson or to the amount due upon the account; that the only issue in the case was the execution by the defendants of the guaranty contract. The jury rendered a verdict against the defendants, appellants, for the full amount of the claim.

It appeared that in July, 1914, Thompson had made a written admission that at that time he was indebted upon the account in the sum of $459.01, upon which no payment appears to have been made.

The defendants have appealed assigning error in the admission of the exhibits referred to, and in not directing a verdict in favor of the plaintiff for only the amount admitted to be due by Thompson as above stated.

A recovery against the defendants as guarantors, necessarily depended upon the proof of the plaintiff's account against Thompson for goods sold and delivered to him under the contract guaranteed by them. Such proof was that usually required in the proof of a merchant's account. The evidence may be (1) the testimony of the merchant or his salesman from personal knowledge of the sale and delivery; (2) the introduction of the books of original entry upon their authentication by the person who made the entries or upon proof of handwriting as in *Grocery Co. v. Donnelly,* 93 S. C., 580; 77 S. E., 706; Ann. Cas., 1914D, 489; (3) the admission of the defendant. *Crosland v. Pearson,* 86 S. C., 313; 68 S. E., 625.

There was no attempt by the plaintiff to comply with this rule except as to a part of the account. The written orders of Thompson were admissible as links in the chain of evidence but they constitute no proof of the sale and delivery. The invoices, if shown to have been transmitted to Thompson, would have been admissible as to the value of the goods, under his agreement that they should

represent the amounts which he was to pay for the goods; but the evidence shows that they were produced by the plaintiff from its office; it does not show that Thompson ever received them. If they had been received, they would not have been proof of the sale and delivery. The bills of lading were admissible under the terms of the contract that delivery to the carrier should be regarded as complete. *Bullock v. R. Co.,* 82 S. C., 375. The itemized statement of the account made up by the plaintiff from data in its office was *ex parte* and inadmissible as a substitute for the books of original entry.

It cannot be said that there was no evidence of the sale and delivery, but in the incomplete state of the evidence the rule applied in *Supply Co. v. Jones,* 87 S. C., 426; 69 S. E., 881, to a case of disputed account should be applied here.

"Books of account when properly authenticated are received as evidence of the correctness of the account alleged to be due; and the entries therein in the usual course of business may be regarded in some cases the best evidence of the transactions entered. *Dial v. Valley M. L. Association,* 29 S. C., 560; 8 S. E., 27. But there is no presumption of law in favor of the correctness of the entries, and the evidence of a witness who can testify from memory as to a sale and delivery may be as good and convincing as entries in a book. *Doty v. Crawford,* 39 S. C., 1; 17 S. E., 377. The books of the plaintiff containing the entries of the items charged were evidence of the correctness of the account, but it was incorrect to charge as a legal proposition that by their introduction the burden of proving the debt not to be due was imposed upon the defendant. The account appearing in the books stood alone with the other evidence to be considered by the jury in deciding whether the plaintiff had proved his claim against the defendant by the preponderance of the evidence."

The Circuit Judge was therefore in error in acting upon the assumption declared by him to the jury.

Where the evidence is full upon the matter of proof of an account by the books of original entry, and there is no evidence to the contrary, under the rule announced in *Herndon v. R. Co.* (S. C.), 111; S. E., 13, and cases cited, the Circuit Judge should be justified in assuming the proof of the account. As declared in the case of *Crosland v. Pearson,* 86 S. C., 313; 68 S. E., 625, in the separate opinion of Justice Hydrick concurred in by Justice Woods:

"To be sure, under the pleadings, every item of the account was in issue, but they had all been regularly proved, and the only items contested by the defendant in evidence had been voluntarily deducted from the account. Therefore, unless the jury disregarded the uncontradicted testimony of plaintiff's witnesses, given in proof of the items, they were bound to find for plaintiff the amount so proved, if they found the defendant liable for the account."

The judgment of this Court is that the judgment of the Circuit Court be reversed and a new trial be had unless the plaintiff, within ten days after the filing of the remittitur herein, remit upon the record so much of the verdict as is in excess of that amount hereinbefore stated to have been admitted by Thompson, in which event the judgment for the amount shall stand affirmed.