### 21856

RYAN PINCKNEY CONSTRUCTION SPECIALISTS, INC., Respondent, v. QUAIL RUN ASSOCIATES, J.P. Maloney, Jr., Alvin L. Harmon and Thomas A. Spain, Appellants.
(299 S. E. (2d) 493)

*Robert E. Stepp*, of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble*, Columbia, *for appellants*.

*Otto W. Ferrene, Jr.*, of *Ferrene & Associates*, Hilton Head Island, *for respondent*.

Jan. 12, 1983.

GREGORY, Justice:

This is an action on an oral agreement to pay for services performed by respondent Ryan Pinckney Construction Specialists, Inc. The main issue is whether a promissory note, signed but not delivered, is admissible as evidence of the oral agreement. We affirm.

Appellants Quail Run Associates, J.P. Maloney, Jr., Alvin L. Harmon, and Thomas A. Spain and respondent entered into five contracts for refurbishing apartments at Hilton Head. Appellants stopped paying respondent for its services, so respondent ceased work.

Respondent allegedly had some difficulty getting paid for services it had performed, and contends it reached an oral agreement with appellants whereby it would receive Five Thousand ($5000.00) dollars at 30 day intervals for a total of Sixty Thousand Two Hundred Seventy and 95/100 ($60,270.95) Dollars owed on the contracts. Respondent further contends they agreed appellants would pay interest at the rate of 8% annum on that amount, and, if legal action were necessary to collect the money, 10% of the full amount would be owed by appellants.

Respondent drew up a note evidencing the oral agreement. Appellants signed the note but did not deliver it. The note was admitted into evidence at trial.

Appellants contend admission of the note was error because non-delivery of the note showed there was no meeting of the minds. Respondent contends the admission was proper because it constitutes a written admission of appellants' outstanding debt and evidences the prior oral agreement between

respondent and appellants. Respondent further contends non-delivery may be a defense to a suit on the note, but the basis of this action is the oral agreement, not the note.

The admission or exclusion of evidence is largely within the discretion of the trial judge. *See* cases collected in 9 West's South Carolina Digest, *Evidence* Key No. 99.

In an action for goods sold and delivered, the account can be proved by various means, including admission of the debtor. *W. T. Rawleigh Co. v. Thompson*, 122 S. C. 43, 114 S. E. 702 (1922). Generally, a written statement such as a promissory note, although not effective for the purpose for which it was made, is competent as an admission of the party. 31A C.J.S. *Evidence*, §§ 283, 284 (1964). We find no error.

Appellants next argue the trial judge erred in failing to instruct the jury that attorney's fees are not recoverable absent an agreement providing therefor. The pertinent portion of the trial judge's charge reads:

> Now, the plaintiff [respondent] contends that approximately a year or sometime later after the original contracts were entered into, that the plaintiff and defendants [appellants] reached a new agreement. Now, the new agreement allegedly provided for ... payment of certain attorney's fees and interest. Now, the defendant contends that there was never a new agreement entered into ... The issue then for you to decide is whether or not the parties entered into this second agreement. ... Now, if you find that the plaintiff has proven all the elements of a contract by the greater weight or preponderance of the testimony, then you would find for the plaintiff. ... However, if you find that the plaintiff has not proven its case by the greater weight or the preponderance of the evidence, then you would find for the defendants. ...

The trial judge in effect instructed the jury that respondents could recover attorney's fees only if they found a new agreement providing for attorney's fees had been entered into by appellant and respondent. His charge to the jury was sufficient in this respect.

Finally, appellants argue the trial judge erred in failing to instruct the jury that an agreement must be definite and certain as to each of its terms to be binding

where contractual damages are sought. The relevant portion of the trial judge's charge is as follows:

> Now, to be binding, an agreement must be certain and it must be unequivocal in its essential terms either within itself or by reference to some other agreement or matter. The subject matter of the agreement must be expressed in such terms that it can be ascertained with reasonable certainty.

This instruction was adequate and sufficiently encompassed appellant's requested charge.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

LEWIS, C.J. and LITTLEJOHN, NESS and HARWELL, JJ., concur.