## LEWIS LOHRFINK *vs.* HENRY STILL.

In an action for a malicious prosecution, the omission to aver that the alleged prosecution was *without probable cause*, is a *fatal defect* in the declaration.

In such an action the plaintiff asked leave to amend his *nar*, by inserting the words, "without probable cause," and "that the declaration might *be taken to read as if said amendment were made*," and the court ordered that he "have leave to amend at bar *as prayed.*" HELD:

That this permission to amend does not, *per se*, amount to an amendment; the amendment must actually be made, either by altering the declaration in the cause, or by filing a new one.

APPEAL from the Superior Court of Baltimore city.

This was an action for a malicious prosecution, brought by the appellee against the appellant. The declaration was in the usual form, except that it omitted to aver that the alleged malicious prosecution was *"without probable cause."* Plea, *non cul.*

*1st Exception.* After the testimony had been closed, and several prayers offered on the part of the defendant and acted on by the court, but which need not be stated, the plaintiff asked leave to amend his declaration, by inserting in a speci-'fied place the words, *"*and without any reasonable or probable cause whatsoever," and moved that the declaration *"may be deemed and taken to read as if said amendment were made."* The court, (FRICK, J.,) passed an order that the plaintiff "have leave to amend at bar *as prayed.*" The defendant objected to making the ,amendment without first withdrawing a juror, but the court overruled the objection. He then objected to making the amendment in the present *nar* in the 'manner proposed, and asked for a new *nar*. This objection the court also overruled, and permitted the amendment to be made as prayed, and to these several rulings the defendant excepted.

*2nd Exception.* After the application to amend had been reduced to writing and presented to the court, the defendant stated his objections to the mode of amendment, the court then granted leave to amend as prayed, and the defendant excepted, and tendered his exception to be signed, when the court, before signing it, asked the defendant's attorneys if they

were taken by surprise by the application to amend, and whether the amendment, as made, altered, in any respect, the case as presented to the jury? which question they declined to answer. The court then signed the exception, and ordered the case to proceed before the same jury without re-swearing them, stating that the ends of justice and the justice of the case, in its opinion, did not require a continuance. To this ruling the defendant excepted.

*3rd. Exception.* The defendant then tendered a *demurrer* to the declaration, upon the ground that it was defective in not averring that the alleged prosecution was *without probable cause,* and that no new *nar* having been filed under the leave to amend, and the old one not having been, *in point of fact,* amended, there is no allegation that the alleged prosecution was without probable cause. The plaintiff objected to the reception of this demurrer, which objection the court sustained, and to this ruling the defendant excepted.

The jury then rendered a verdict in favor of the plaintiff for $500 damages, and the defendant then moved in arrest of judgment, because:—1st, the declaration, as originally filed, was, and is, defective in omitting the material allegation, that the alleged prosecution was without probable cause; 2nd, the said declaration was not amended, although leave to amend was asked and granted; 3rd, such amendment could not be considered as made unless actually made; 4th, it could not be made by interlineation; 5th, it could only be made by withdrawing a juror and filing a new *nar;* 6th, by amendment of the *nar,* the plea filed to the original *nar* was necessarily out of the case; 7th, the verdict is a nullity, because there was no issue; 8th, and for other reasons. The court overruled this motion, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLE- STON and BARTOL, J.

*Benjamin C. Barroll* for the appellant, argued:

1st. That prior to the act of 1852, ch. 177, the laws of this State imperatively required a *juror to be withdrawn* before an

amendment of the pleadings could be made. *Acts of* 1785, *ch.* 80, *sec.* 4, and 1809, *ch.* 153. The act of 1852 enlarged the *power*, but not the *mode*, of amendment. The *first* section simply extends the power of amendment to the *writ;* the *ninth* section providing that no continuance shall be granted upon amendments, applies only to actions of *ejectment* which had been provided for in the preceding sections, or, if it applies to '*all* cases of amendments, it simply provides that such amendments shall not operate a *continuance* of the case; that is, its postponement to the *next term*, unless the ends of justice, in the opinion of the court, require *such a continuance*, and, therefore, in no wise repeals the provisions of the previous laws requiring the *withdrawal of a juror* upon every amendment of the pleadings.

2nd. That when the court allowed the amendment it was the duty of the plaintiff to file his amended *nar*. He had no right to alter, by erasure, interlineation or otherwise, *the records of the court*. *Ev. Prac.*, 246. The *leave to amend* could not operate as an amendment, and the court had no power to say that the *nar* should read as it did *not read*. There was, therefore, no amendment, *in point of fact*, made, and the *nar* stood, and still stands in the record, without the *material* averment of want of probable cause.

3rd. That when a plaintiff amends, it is the right of the defendant to modify his defence to suit the new case as made by the amendment. Before an amendment is made the original pleading is withdrawn, leave being granted, and, consequently, when a *nar* is withdrawn for amendment the *plea* to it is out of the case, (5 *Hill*, 556, *Barstow vs. Randall*,) and as the court compelled the defendant to proceed the case was not *at issue*, and the verdict, therefore, was a nullity. 3 *H. & J.*, 561, *Kerr vs. The State.*

4th. That it was the right of the defendant to take issue upon matter of law by his demurrer, which ought to have been received and sustained because of the absence of the material averment of want of probable cause. 3 *G. & J.*, 377, *Turner vs. Walker.* 6 *Md. Rep.*, 400, *Cochrane vs. The State.*

5th. The motion in arrest of judgment brings up the question of the regularity of the pleadings. 4 *Md. Rep.*, 434, *Terry vs. Bright.* If the case was at issue under the amended *nar*, the jury found their verdict on a different issue from that which they had been sworn to try, and should have been sworn over again. The defendant did not ask or desire a *continuance*, but only desired to plead anew to the amended *nar*, and that the forms of the law should be complied with.

*Oliver Miller* for the appellee.

The several exceptions in this case present but two questions: 1st, did the action of the court below in regard to the amendment of the *nar* effect an amendment thereof? and 2nd, could such an amendment be made without the withdrawal of a juror? If the affirmative of these questions can be sustained, the judgment must unquestionably be affirmed.

In regard to the first question, the record shows that the motion to amend was *reduced to writing*, that it sets out the *words* sought to be inserted, and the *place* where they are to be inserted in the *nar*, and then prays that "said *nar* may be *deemed and taken to read as if said amendment were made*," and that the court, by its written order, granted the leave to amend at bar, "*and permitted the amendment to be made as prayed;*" that is, the court *ordered* the *nar* to read *as if* the proposed *words* were inserted in the specified *place*. It cannot be material *how* the amendment is made, *provided* it *appears upon the record* of the case to have been done. Now this *motion* to amend, and the *order* of the court thereon, were *both in writing*, and formed as much a part of the *record* of the case in the court below as did the original *nar* or the *plea* thereto. It is insisted, therefore, that this order of the court operated as an amendment of the declaration to the extent of such order; in other words, that it *perfected* the declaration. Though there are no decisions of our own courts upon this question, yet the very point has been decided by the highest tribunals of other States. 3 *Ala.*, 741, *Palmer vs. Lesne.* 12 *Iredell*, 275, *Holland vs. Crow.* 2 *Hawk.*, 214, *Ufford vs. Lucas.* The amendment being thus made, no new plead-

ings were required to put the case at issue. The plea of *non cul* not having been withdrawn, such plea applied to the amended declaration, and the case was at issue.

The second question depends upon the proper construction of the act of 1852, ch. 177. It is conceded that under the previous laws such an amendment could only be made by *withdrawing a juror*. Does this act make no *change* in this respect? Its evident design is to promote the *speedy trial* of causes on *their merits*, and thereby save *expense* and *delay*, and in this sense it is a *remedial* law, and should be *liberally construed* to effect this end. The *first* section allows amendments of *any of the proceedings*, including the *writ*, in *all* suits and actions at law, and the *ninth* section provides: "That *no continuance* shall be granted upon amendments of the *plots*, writs or *any of the proceedings*, but the case *shall proceed as if no amendment had been made*, unless the court shall be satisfied that the *ends of justice* require a continuance." It is too clear for argument that this latter section applies to *all* cases in which amendments are allowed by the preceding parts of the act. Is it not equally clear that the case is to proceed "*as if no amendment had been made*," unless the court before which it is tried is satisfied the *ends of justice* require a continuance? But how can it *so proceed* if a *juror is to be withdrawn?* These words, directing the case to proceed as if no amendment had been made, must be *stricken* from the law, if the withdrawal of a juror in every case of an amendment is still necessary. The record clearly shows that the *ends of justice* did not require a continuance, because the court asked the counsel for the defendant whether the application to amend took them by *surprise*, and whether the amendment as made *altered in any respect the case as presented to the jury?* and this inquiry they *declined to answer*, admitting, by their *silence*, that an affirmative response could not be given.

BARTOL, J., delivered the opinion of this court.

This is an action for a malicious prosecution. The declaration was defective, in not averring that the alleged malicious prosecution was "without probable cause." That such aver-

ment was essential is not now, and has never been, doubted. It constitutes the gist of the action. 2 *Chitty's Pl.*, 608, 609, *note (x.)* 2 *Saund. Pl. & Ev.*, 652, 654, 659. 7 *Cowen*, 717.

After the jury had been sworn, and all the evidence offered to them, the plaintiff asked leave to amend the declaration, by inserting the words, *"without any reasonable or probable cause whatsoever,"* and *"that the declaration might be taken to read as if said averment were made,"* and the court granted leave to amend at bar as prayed. The defendant objected to the amendment being made, without first withdrawing a juror, which objection the court overruled. The defendant also objected to the making of said amendment in the manner proposed, which objection the court overruled, and the defendant excepted. The court directed the trial to proceed before the same jury without their being re-sworn, to which also the defendant excepted.

The first question presented by these exceptions is, whether the leave to amend the declaration operated as an amendment? It is clear that a permission to amend does not, *per se*, amount to an amendment. A party may have leave to amend, and yet not choose to avail himself of it. The amendment must actually be made, either by altering the declaration in the cause, or by filing a new one.

In this case no amendment was, in point of fact, made in conformity with the leave granted by the court. The declaration remained unchanged; and as it now appears in the record, it contains no averment of "want of probable cause," without which it is insufficient.

We think the court erred in treating the leave to amend as an actual amendment, and for that reason the judgment ought to be reversed.

The exceptions in the case present another question, involving the construction of the act of 1852, ch. 177, which is by no means free from difficulty; and as its decision is not material to the determination of the present case, this court forbears to express any opinion thereon, the more especially, because the same was not fully argued, and the cause was not heard by a full court.

The motion in arrest of judgment presents the same questions as were raised by the exceptions taken at the trial. But inasmuch as the reversal of the judgment upon the exception already considered disposes of the present appeal, it is unnecessary to express any opinion upon that motion, and in order that the amendment of the declaration which was allowed by the court below may be properly made, and the case be tried upon its merits, this court will reverse the judgment and award a *procedendo*.

*Judgment reversed and procedendo awarded.*