## SAMUEL READ, Appellant, *v.* DANIEL EDWARDS et al., Respondents.

A and B negotiate a loan in the State of California. A receives the money, and executes, on his part, a joint note, and also a mortgage on property situate in this State, as security for the money.  This note and mortgage are then sent to Humboldt County, Nevada, where they are also executed by B, and the mortgage placed on record.  *Held,* that the note and mortgage were consummated in this State, and are not barred by the Six Months' Statute of Limitations, which applies to notes, etc., executed out of this State.   Even if the note was barred, the mortgagee might foreclose the mortgage, and subject the mortgaged property.

APPEAL from the District Court of the Sixth Judicial District, Humboldt County, Hon. E. F. DUNN presiding.

The facts are stated in the Opinion.

*McRae & Rhodes,* for Appellant.

The mortgage being executed by one party in California, and at a subsequent time by the other party in this State, did not become an executed instrument until the latter party executed it.

Even if the mortgage must be treated as executed by Evans in

California, still Edwards executed it in Nevada, and his interest in the property was certainly bound.

The Statute of Limitations does not apply to mortgages which are not obligations or contracts for the payment of money. (See *Henry* v. *Confidence Company*, 1 Nevada, p. 619.)

*R. M. Clarke,* for Respondents.

There being no appeal from the order denying a new trial, and no statement on appeal, this Court can only look into the judgment roll; that being regular, the judgment must be affirmed.

*McRae & Rhodes,* in reply.

The pleadings contained in the judgment roll show that the judgment should be reversed. There should, even on the facts as admitted in the answer, have been a foreclosure and sale of the mortgaged property, under the rule laid down by this Court in the case of *Henry* v. *Confidence Company.*

But the Statute requires the written opinion of the Court to come up with the judgment roll on appeal. The finding of facts is, in effect, a written opinion which this Court will look into, to see if the Court below has erred.

The Supreme Court of California, in the case of *Redman* v. *Yontz,* 5 Cal. 148, decided to look into a bill of exceptions, although there was no statement, and, technically, it is no part of the judgment roll.

That Court has also held frequently that when a cause is tried by the Court without a jury, the record must disclose a finding of facts, or the judgment will not be sustained. (See 2d Cal. 474 and 305; also, 3d Cal. 111 and 467.)

Opinion by LEWIS, C. J., BEATTY, J., concurring.

This action was brought to foreclose a mortgage executed by the defendants to secure the payment of a promissory note, bearing date at Marysville, in the State of California, March 16, A.D. 1863, and made payable one year from the date thereof. The only defense pleaded by the defendants is the Statute of Limitations, and to support it the following facts are set up: that the money for which

the note and mortgage sued on were given was advanced to the defendant Evans, at Marysville ; and that, so far as he was concerned, the instruments were executed there and delivered to the plaintiff, to be sent to the county of Humboldt, in the Territory of Nevada, for execution by the defendant Edwards ; that they were so sent to him, and were executed in accordance with the understanding between Evans and the plaintiff.

The allegation of these facts is made in the answer in the following manner : " Said defendant Evans, then and there, at said city of Marysville, signed said note sued on, and executed and acknowledged said mortgage, and then and there delivered said note and mortgage to plaintiff; and that the signing and execution of said note and mortgage by defendant Edwards was afterwards done by him in the county of Humboldt, and was only the consummation (in part) of the said contract of loan which had been previously entered into by said defendant Evans, for himself and defendant Edwards, in said city of Marysville, in the State of California."

Upon these facts it is claimed that the action is barred by that Act of the Territorial Legislature, approved December 19th, A.D. 1862, which declares that "an action upon any judgment, contract, obligation, or liability, for the payment of money or damages, obtained, executed, or made out of this Territory, can only be commenced within six months from the time the cause of action shall accrue." If the note sued on in this case be a contract, or obligation obtained or executed out of the State or Territory of Nevada, there can be no doubt that, so far as the note is concerned, the defendants' plea is good. But, in our opinion, it does not come within the Statute referred to. The action is not assumpsit for money loaned in the State of California, but a suit in equity upon instruments, the execution of which was completed in the Territory of Nevada. The execution of the note and mortgage was not perfected until signed by all the parties to them. Until the execution is perfected, the instrument is inchoate and imperfect. The plea of the Statute of Limitations is never looked upon with favor by the Courts, hence a party relying upon it must clearly make out his defense. In this case, the defendants allege in their answer that the signing by Edwards at Humboldt was the consummation of the transaction, left inchoate by Evans ; and, in our opinion, it is necessary for the

party seeking to avail himself of this Statute, to show that the final act by which the execution of the instrument becomes complete, is done out of the State, a partial execution without, when the final and finishing act is done within the State, will not be sufficient.   True, so far as Evans was concerned, the execution was complete in the State of California, but in no sense of the word can it be said that the *instruments* were executed before all the parties had signed them.   But even if the Statute was a complete defense to the note, the Court below, under the ruling of this Court in the case of *Henry* v. *The Confidence Co.*, 1 Nevada, 619, should have permitted a foreclosure of the mortgage.

We agree with counsel for respondent that when an appeal is taken merely from the judgment, the Appellate Court cannot review errors which do not appear on the judgment roll, and in this case we have not done so.   The defense disclosed by the answer being insufficient, even if established by proof, we have not deemed it necessary to look beyond the judgment roll.   The Court below erred in dismissing the bill, and its judgment must be reversed.