JOHN SATTERLUND v. ORLANDO H. BEAL.

Opinion filed June 5, 1903.

**Burden of Proof to Establish Payment.**

1. The burden of proof to establish payment is upon the party alleging it.

**Defense of Statute of Limitations Waived, if not Pleaded.**

2. The defense of the statute of limitations can only be taken advantage of by answer, and is waived if not so pleaded. Section 5184, Rev. Codes 1899.

**Must Aver Facts, Not Conclusions of Law, to Sustain Such Defense.**

3. In pleading the statute of limitations a mere averment of the pleader's conclusion of law will not answer, but the facts constituting the bar must be set out.

**Amended Pleading Must be Rewritten.**

4. The mode of amending pleadings recognized by the practice of this state is by rewriting the pleading, leaving out such allegations, and inserting such other allegations, as may be desired, so that all parts of the pleading shall be in one instrument, complete in itself—following *Caledonia, etc., Co.* v. *Noonan,* 14 N. W. 46, 3 Dak. 189.

**Amendment Deemed Abandoned, Unless Leave to Amend is Acted Upon.**

5. The mere granting of leave to amend a pleading does not amend it. Unless the leave is acted upon and the pleading redrawn, including the desired change, the amendment is deemed abandoned.

**Application to Amend—When Court Shall Decide Thereon.**

6. In cases tried to the court without a jury, under section 5630, Rev. Codes 1899, the trial court is not relieved of the duty of deciding, at the time the request is made, whether a desired amendment to the pleadings shall or shall not be allowed. The parties have a right to know at every stage of the trial the exact condition of the pleadings, so as to conform their proofs and methods of proof to the known issues.

**Judgment Supported by Pleadings.**

7. A judgment must be warranted by the pleadings of the party in whose favor it is entered. When not supported by the pleadings, it is as fatally defective as if not supported by findings.

**Mortgage Foreclosure When Debt is Barred.**

8. Because the debt secured by mortgage is barred by the statute of limitations in six years after it becomes due, it does not follow that

the right to foreclose the mortgage is gone. The statute fixes the period within which foreclosure may be had at ten years.

Appeal from the District Court, McLean County; *Winchester,* J.

Action by John Satterlund against Orlando H. Beal. Judgment for plaintiff. Defendant appeals.

Reversed.

*Newton & Smith,* for appellant.

(1) Plea of payment admits plaintiff's right of action, and denies defendant's liability by reason of matter in avoidance, *i. e.,* discharge by payment. 16 Enc. of Pl. & Pr. 167, 18 Am. & Eng. Enc. of Law 556. Reply must not set forth facts inconsistent with those alleged in the complaint. Rev. Codes, 5277. At common law such pleading is called departure, Gould's Pleading (3d Ed.) 453. Under the Codes it is inhibited. 18 Enc. Pl. & Pr. 462, Test 2. 6 Enc. Pl. & Pr. 462, Test 2. Max. Code Pleading 561.

Pleading statutes of limitation by the language, "that the claim set out in the counterclaim of the defendant's answer was barred by the statute of limitations," states no issuable fact, but a conclusion of law. 13 Enc. Pl. & Pr. 214 and cases cited.

(2) Where payment is alleged in the complaint and denied in the answer burden of proof is on plaintiff. *Farmers' Loan & Trust Co. v. Siefke,* 144 N. Y. 354, 39 N. E. 358, and cases cited, 18 Am. & Eng. Enc. of Law 171; *Curtis* v. *Perry,* 50 N. W. Rep. 426. Payment must be in money or something accepted in its stead. *People ex rel., Port Chester Sav. Bank* v. *Cromwell, Treas.,* 102 N. Y. 477-485, 7 N. E. Rep. 413, 2 Gr. on Ev. section 519, (9th Ed.), 18 Am. & Eng. Enc. of Law 150, 11, also p. 139. A cross demand cannot be treated as payment except by agreement, 18 Am. & Eng. Enc. of Law 152, and cases cited. Under plea of payment, proof of other security taken and obligation surrendered is inadmissible. *Bank* v. *Chilson,* 63 N. W. Rep. 362. Payment in fact must be proved. *Lawrence* v. *Bill,* 14 N. Y. 477. Bar of statute of limitation is not payment. 16 Enc. of Pl. & Pr. 213; *Austin* v. *Wilson,* 46 Ia. 362.

Action to remove a cloud on title is an equitable one; it is, therefore, subject to the maxim, "he who seeks equity must do equity." 17 Enc. Pl. & Pr. 370, par. 8a. Where a mortgagor of land seeks to quiet title against a mortgage, he must first pay the mortgage debt, notwithstanding it is outlawed; unless he does so within the

·time fixed by the court, his action will be dismissed, and relief denied him. 17 Enc. Pl. & Pr. 370, note 4, citing *Boyce* v. *Fisk,* 110 Cal. 107, 42 Pac. Rep. 473; *DeCazara* v. *Ornena,* 80 Cal. 132, 22 Pac. .Rep. 74; *Brandt* v. *Thompson,* 91 Cal. 458, 27 Pac. Rep. 763; *Booth* v. *Hoskins,* 75 Cal. 271, 17 Pac. Rep. 225; *Johnson* v. *San Francisco Saving Union,* 75 Cal. 134, 16 Pac. Rep. 753; *Tripp* v. *Duane,* 74 Cal. 85, 15 Pac. Rep. 439; *Otis* v. *Gregory,* 111 Ind. 504, 13 N. E. Rep. 39; *Hall* v. *Hooper,* 47 Neb. 111, 66 N. W. Rep. 33; *Brewer* ·v. *Merrick County,* 15 Neb. 180, 18 N. W. Rep. 43; *New York Nat. .Bldg. Ass'n.* v. *Cannon,* 99 Tenn. 344; *Merriam* v. *Goodlett,* 54 N. W. Rep. 686; *Loney* v. *Courtney,* 39 N. W. Rep. 616.

The rule will be applied, whenever the adverse equity grows out ·of the transaction before the court, or such circumstances as the record shows to be a part of its history, or when it is disclosed in the pleading or proof, with full opportunity by the adverse party to ·explain, or reply to the charge. *Comstock* v. *Johnson,* 46 N. Y. 615; *Tripp* v. *Cook,* 26 Wend. 143; *McDonald* v. *Neilson,* 2d Cow. 139; *Casler* v. *Shipman,* 35 N. Y. 333; *Finch* v. *Finch,* 10 Ohio St. 501; .*Hanson* v. *Keating,* 4 Hare 1-5, 6; *Whitaker* v. *Hall,* 1 Glyn. & J. :213; *Colvin* v. *Hartwell,* 5 Clark & F. 484.

*Boucher, Philbrick & Cochrane,* for respondents.
*F. H. Register,* on oral argument.

Payment may be made by any lawful method agreed upon be ·tween the parties. 2d Gr. on Ev. 526 and cases cited. Communi cation to attorney, in presence of both parties and communication by an attorney to the opposite party, are not privileged. *Wm. H. Hughes, Ex'r.* v. *S. P. Boone,* 102 N. C. 137; *Thayer* v. *McEwen* .*et al.,* 4 Ill. App. 416; *Carr* v. *Weld, et al.,* 19 N. J. Equity 319; *Whiting* v. *Barney et al.,* 30 N. Y. 330, 14 Enc. of Law 139.

Note was in possession of defendant, and mortgage does not :show when it was due, nor did defendant's answer show. Plaintiff could not plead statute before trial, because not possessed of the facts. Under the circumstances of this case, form of amendment ·to reply was sufficient; it apprised defendant that plaintiff relied on the statute. 13 Enc. Pl. & Pr. 217 and cases cited.

COCHRANE, J. This case was tried to the court without a jury, ·and is here for trial anew upon all the evidence, pursuant to section ,5630 Rev. Codes 1899. The defendant, Beal, indorsed two notes ·for plaintiff in 1882. May 6, 1886, a judgment was duly obtained

and docketed, in favor of William Deering, the payee in these notes,. and against this plaintiff as maker and this defendant as indorser thereof. To secure and indemnify Beal against loss through the enforcement of this judgment against him, the plaintiff, Satterlund, on January 8, 1887, made his promissory note for $500, due two years after its date, and bearing 10 per cent interest, and payable to defendant, Beal; also a mortgage securing the note upon a large number of town lots in the village of Washburn, McLean County, N. D.. This mortgage plaintiff had recorded, and then delivered it, with the note it secured, to defendant. Defendant, Beal, did not consider this, note and mortgage sufficient security, and, as a conclusion to some conversation between them, plaintiff paid to the Deering attorneys. $100, which was applied as payment on this judgment, under date of March 1, 1887, thereby reducing defendant's liability to this extent; and plaintiff executed and delivered to the defendant a contract or bill of sale of certain hay to be grown during the season of 1887 upon Burnt Creek bottom. Beal paid the balance of the Deering judgment, $393.85 and some costs, on January 18, 1889.

The first point in controversy, toward the elucidation of which. counsel on either side expended some time, is whether the bill of sale of the hay, when delivered to and accepted by the defendant, was an, absolute payment of the $500 note and mortgage, entitling the plaintiff to a surrender and release thereof; or, on the other hand,. was it intended only as an additional security to defendant against liability for plaintiff's debt? Plaintiff's complaint, and his own evidence in support of it, narrow the inquiry upon this point within, a small compass. Plaintiff alleged the making of the $500 note, and. the mortgage securing it; also the recording of the mortgage, and delivery of the note and mortgage to defendant. He then avers that the note, with interest, has for a long time been paid in full, but that the mortgage has not been satisfied, but remains unsatisfied of record and a cloud upon plaintiff's title. He then prays judgment that the defendant give up the mortgage to be canceled, and that the same be satisfied of record. Defendant admits the averments of the complaint, excepting the averment of payment, and denies the payment of the debt secured by this mortgage. This fixes the burden of proof upon plaintiff to show that the debt was paid. *Farmers' L. & T. Co.* v. *Siefke,* 144 N. Y. 354, 39 N. E. Rep. 358; *Curtis* v. *Perry* (Neb.), 50 N. W. Rep. 426. To sustain this burden, plaintiff testified that when he made the contract of sale of the hay, in Burnt

Creek bottom it was agreed that the proceeds of the hay when sold should be paid on the note. In cross-examination he testified as follows: "Q. He was to account on the note for the proceeds of the hay? A. Yes. Q. You don't know whether it was paid by the proceeds or not, do you? A. No; I could not state that." Plaintiff produced no evidence to show that the hay did pay the note, or as to what was realized from the hay. He wholly failed to sustain the burden he assumed. But the proofs upon this point do not stop with plaintiff's evidence quoted. The uncontradicted evidence of defendant Beal shows that in the cutting, preserving, hauling and disposing of the hay in Burnt Creek bottom he incurred a loss; that the cost was more than the amount realized from the hay.

The second finding of fact of the trial court, to the effect that "said note, together with the interest thereon, was, in the year 1887 paid in full by a transaction between the plaintiff and the defendant relating to the hay grown on the land owned by the plaintiff, and cut and disposed of by the defendant," is not only without support in the evidence, but is directly contrary to the evidence on this point. The defendant by way of counterclaim, alleged the execution and delivery to him by plaintiff of the note and mortgage of January, 1887, for $500; and his counterclaim contains all the averments necessary in a foreclosure action. He asks an affirmative judgment against the plaintiff for the amount of this note, with interest thereon from January 8, 1887, and for costs, and for the usual decree of foreclosure. The answer was served on the 6th day of February, 1900. The plaintiff in due time served a reply to this counterclaim, alleging that in the year 1887 he paid the defendant, in full, the demand set forth in the counterclaim. The case was tried upon the issue thus formed. At the conclusion of the evidence, counsel for plaintiff stated: "I wish to amend the reply, and add to the reply, in addition to the allegation of payment, that the claim set forth in the counterclaim of defendant's answer was barred by the statute of limitations." This was objected to by defendant's counsel as a technical defense not going to the merits. No ruling was made by the trial court upon plaintiff's request at the time, but the court made a finding of fact that the note set out in defendant's answer as a basis for a second defense was, by its terms, due and payable on the 8th day of January, 1889, and, as its conclusion of law, found that the defendant's action upon his counterclaim was, at the time the answer was served, barred by the statute of limitations. The plaintiff did not in fact prepare

and serve any amended reply setting up the bar of the statute of limitations, and no attempt was made by plaintiff to take advantage of the statute, save as indicated in the request made.

The trial judge attached to the statement of the case a certificate reciting "that it was understood by the court that the case was being tried under the so-called 'Newman law,' and that rulings on all motions and objections were to be reserved until the final hearing and determination of the case; that the fifth finding of fact and the third conclusion of law show that the court intended to allow the plaintiff's motion to amend his reply by adding that the claim set out in the counterclaim of defendant's answer was barred by the statute of limitations, and the same was allowed by the court by such finding and conclusion." This practice is without precedent, and without authority of law. Had the court promptly ruled upon plaintiff's request to amend, granting the request, it remained for counsel to prepare his amended pleading, to have it verified (section 5280, Rev. Codes 1899) and served upon opposing counsel. *Caledonia, etc., Co.* v. *Noonan,* 3 Dak. 189, 14 N. W. Rep. 426; *Lohrfink* v. *Still,* 10 Md. 530. The mere order permitting an amendment of a pleading is of no effect unless and until it is complied with. *Kimball* v. *Gearhart,* 12 Cal. 28-47; *Briggs* v. *Bruce,* 9 Col. 282, 11 Pac. Rep. 204; Hayne on New Trial, 169, section 57. By not making the amendment asked plaintiff must be treated as having abandoned it. But the amendment which the judge certifies he intended to allow is wholly insufficient as a pleading to entitle plaintiff to invoke the bar of the statute of limitations. This language, at best, is a mere conclusion of law. *Scroggin* v. *National Lumber Co.* (Neb.), 59 N. W. Rep. 548; *Barnes* v. *McMurtry* (Neb.) 45 N. W. Rep. 285; *Walker* v. *Larrey* (S. C.) 3 S. E. Rep. 63; *Gull River Lumber Co.* v. *Keefe,* 6 Dak. 160, 41 N. W. Rep. 743. The facts constituting the bar are not set out. 13 Enc. Pl. & Pr. 214, and cases cited in note. The court was wrong in his assumption that, under the Newman law (section 5630, Rev. Codes 1899), all rulings on motions could be reserved until the final hearing and determination of the case. There is no warrant in the language of this statute for any such assumption.

Where, in the course of a trial, an amendment of the pleadings becomes necessary to warrant the reception of offered proofs, and permission is asked to make such amendment, the parties are equally entitled to an immediate ruling, either granting or refusing the request. It is no answer to this rule that, because all evidence offered

must be received, no prejudice can follow upon the court's reserving its ruling upon the requested amendment. The party asking for the amendment should not cumber the record by offering evidence for which he has laid no foundation in the pleading. On the other hand, opposing counsel must note his objections to evidence as offered, or be bound by it. Evidence to support the averments sought to be embraced in the requested amendment of the pleading, would be entirely irrelevant until the amendment was made. *Marshman* v. *Conklin*, 21 N. J. Eq. 546. Counsel could not fully protect his client's rights upon the trial when in the dark as to the exact condition of the pleadings. The parties have a right to know at every stage of the trial the exact condition of the pleadings, and can only be so advised by securing an immediate ruling upon a request to amend. Counsel for defendant was justified in treating the plaintiff's request as denied when the court failed to notice the request by allowing or refusing it, or by announcing an intention to reserve his ruling thereon; and, when counsel making the request failed to press his demand to a ruling, his opponent was justified in considering the request abandoned. Had the amendment been allowed and in fact made, or ruling reserved, defendant could have offered evidence of facts tending to take the case out of the operation of the statute, if there were any such facts, but under the circumstances he was wholly without justification in incumbering the record with such foreign matter. It is plain that the loose practice of counsel in making his request for permission to amend his reply has led to the confusion of the record, has misled the court, and has resulted in an erroneous judgment.

"The claim set out in the counterclaim of defendant's answer" was twofold. The time within which an action could be commenced upon the debt was six years after it accrued. Section 5201, Rev. Codes 1899. But a ten-year limitation applies to the foreclosure of the mortgage. Section 5200, Id. The fact that the debt secured by the mortgage is barred by a statute of limitations does not extinguish the right to foreclose the mortgage lien. Jones on Mortgages, section 1204; Wiltsie on Mort. Foreclosure, sections 62, 67; *Wiswell* v. *Baxter*, 20 Wis. 680; *Edgerton* v. *Schneider*, 26 Wis. 385; *Henry* v. *Mine Company*, 1 Nev. 619; *Read* v. *Edward*, 2 Nev. 262. Had counsel for plaintiff pursued the line of action which correct practice requires, his proposed amended reply would have been reduced to writing, specifically pleading the facts upon which he intended to

rely as bringing the case within the bar of the statute; thereby advising the court and opposing counsel whether he invoked the bar of the statute against the debt or against the mortgage lien. It is to be presumed that the findings of fact and conclusions of law as made by the court were prepared by counsel for the prevailing party. The finding of fact, therefore, that the note set out in the answer became due on the 8th day of January, 1889, and the conclusion therefrom that defendant's action upon his counterclaim was barred, indicates that the request of plaintiff's counsel to amend so as to plead the statute of limitations was understood both by said counsel and the trial court to apply only to the debt secured, and did not embrace any claim of right to plead the ten-year limitation against the mortgage. The court could not amend the pleadings by findings of fact or conclusions of law. It is not the function of the court to make amendments of pleadings; that is the duty of counsel. The court may allow or disallow them when prepared and presented by counsel in proper time and leave is asked to serve or file the same. This power rests in the sound legal discretion of the trial court, to be exercised in furtherance of justice and upon such terms as may be just. Section 5297, Rev. Codes 1899. But the court should not allow an amendment which is insufficient, tested by the rules of pleading, to let in proof of the matters desired. 1 Enc. Pl & Pr. 523. There is no finding of fact in this case to show when the statute of limitations commenced to run as against the mortgage, and the amendment in the language requested, as applied to the mortgage, is wholly insufficient to sustain a judgment; it is bad even if the amendment were treated as made. A judgment must be warranted by the pleadings of the party in whose favor it is rendered. When not supported by the pleadings it is as fatally defective as if not supported by a verdict or findings. 1 Black on Judgments, section 183; *Frevert* v. *Henry,* 14 Nev. 191; *Bachman* v. *Sepulveda,* 39 Cal. 688; *Marshman* v. *Conklin,* 21 N. J. Eq. 546. The statute of limitations can only be taken advantage of by answer or reply. Section 5184, Rev. Codes 1899; *Clinton* v. *Eddy,* 54 Barb. 54, 37 How. Prac. 23. The evidence discloses that the balance of the liability against which defendant was indemnified by the $500 note and mortgage in question was paid by the defendant on the 18th day of January, 1889, being $393.85 and some costs. The burden of proof was on Beal to show what costs he paid upon the Deering judgment, in addition to the sum mentioned. He produced no satisfactory evidence thereof,

so they cannot be included in the judgment. This sum, with interest at the statutory rate of 7 per cent from January 18, 1889, is the principal obligation secured. We find that the allegations of defendant's counterclaim are proven, and they are found to be the facts herein, excepting the averment that there is due the full sum of the $500 note, with 10 per cent interest from January 8, 1887. But we find the amount due to be $393.85, with interest at 7 per cent from January 18, 1889.

We conclude that the judgment of the district court must be and the same is in all things reversed. That court is directed to reverse and set aside its judgment and to dismiss plaintiff's case, and to order and cause to be entered a judgment in favor of the defendant, Orlando H. Beal, and against the plaintiff, John Satterlund, for the sum of $393.85, with interest thereon at the rate of 7 per cent from the 18th day of January, 1889, to the date of such entry, together with the costs and disbursements of the action, to be taxed and entered in the judgment upon notice pursuant to law. A decree of foreclosure in the usual form will be entered directing a sale of the mortgaged premises. Appellant will recover his costs on this appeal. All concur.