## CHARLES J. CLARK v. H. W. ELLINGSON, F. T. Gronvold, H. J. Sannon et al.

### (161 N. W. 199.)

**Claim and delivery — redelivery undertaking — breach of — damages — action for.**

1. In an action to recover damages for an alleged breach of a redelivery undertaking executed by defendants as sureties in a claim and delivery action, certain rulings in defendants' favor rejecting offered testimony, examined and *held* proper.

**Redelivery undertaking — action for damages on — breach of — issues — jury — evidence — sufficiency.**

2. In an action to recover for the alleged breach of a redelivery undertaking in claim and delivery, one of the issues tried was whether the property involved in such prior action had been redelivered to plaintiff pursuant to the judgment. Plaintiff's contention that such issues was erroneously submitted to the jury because of alleged insufficiency of the evidence, *held*, untenable.

**Redelivery undertaking — sureties — judgment in claim and delivery — concluded by — exceptions — issues — not adjudicated in former action.**

3. The general rule that sureties in a redelivery undertaking given in a claim and delivery action are, in the absence of fraud or collusion, concluded by the judgment against their principal in the claim and delivery action, has well-recognized exceptions. They are not thus concluded as to matters not within the issues, and therefore not adjudicated in such action. Not being parties to such prior action, the judgment rendered therein is *res judicata* as to such sureties only as to such issues as were therein properly raised, tried, and determined.

**Pleading — amendment — granting relief to amend — does not amount to — must be actually amended.**

4. Following the decision in Satterlund v. Beal, 12 N. D. 122, *held*, that the mere granting of leave to amend a pleading does not amend it. Such permission must be acted upon and the pleading redrawn, covering the desired amendment, and if this is not done, the amendment is deemed abandoned.

Opinion filed December 30, 1916.

Appeal from District Court, Pierce County, *A. G. Burr,* J.

Action to recover damages for the breach of a redelivery undertaking in claim and delivery.

Defendants had judgment as prayed for in the answer, and plaintiff appeals.

Affirmed.

*D. C. Greenleaf* and *Bradford* and *Nash,* for appellant.

Where an amendment to a pleading has been allowed, but the pleading not actually amended, a failure to object to evidence offered as though the pleading has so been amended is a waiver of such objection. McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; Connor v. National Bank, 7 S. D. 439, 64 N. W. 519.

And the question cannot be taken advantage of for the first time on appeal. Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 428.

Further, objections having in mind such failure to amend, must be specific, the general objection not availing. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

In replevin actions the bondsmen cannot defend on the ground that the verdict and judgment in replevin are not full and complete. Sweeney v. Lomme, 22 Wall. 208, 22 L. ed. 727; Cobbey, Replevin, 2d ed. 795.

The sureties stand in the same position as the principal so far as the definitial force of the judgment is concerned, in the absence of fraud or collusion between the parties to the former action. Riddle v. Baker, 13 Cal. 295; Cox v. Sargent, 10 Colo. App. 1, 50 Pac. 203; Richardson v. People's Nat. Bank, 57 Ohio St. 299, 48 N. E. 1100.

It will be presumed that the pleadings and verdict are sufficient to sustain the judgment. McMurchy v. O'Hair, 67 Ill. 242; Hawley v. Warner, 12 Iowa, 42; Charleston v. Price, 1 M'Cord, L. 299.

*Albert E. Coger,* for respondents.

The amendment allowed in the former action (claim and delivery) was never consummated, so far as the sureties on the redelivery bond are concerned, and their failure to amend was not waived by the sureties. Satterlund v. Beal, 12 N. D. 127, 95 N. W. 518.

The sureties are not bound by a judgment for absolutely foreign items, erroneously included, in such manner that segregation is impossi-

ble, and for which condition plaintiff alone is responsible. Farmers Nat. Bank v. Ferguson, 28 N. D. 352, 148 N. W. 1049; Smith v. Willoughby, 24 N. D. 1, 138 N. W. 7; Larson v. Hanson, 21 N. D. 411, 131 N. W. 229.

It will be presumed in support of the judgment in such cases that the proof at the trial disclosed that a delivery of the property involved could not be had, as against defendant. But no such rule applies to the sureties. Brown v. Johnson, 45 Cal. 76; Claudius v. Aguirre, 89 Cal. 501, 26 Pac. 1077; Faulkner v. First Nat. Bank, 130 Cal. 258, 62 Pac. 463; Erreca v. Meyer, 142 Cal. 308, 75 Pac. 826, and cases cited; Park v. Robinson, 15 S. D. 551, 91 N. W. 344; New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974; Gallarati v. Orser, 27 N. Y. 324; Dwight v. Enos, 9 N. Y. 470; Fitzhugh v. Wiman, 9 N. Y. 559.

Fisk, Ch. J. Plaintiff seeks to recover against the defendants and respondents as sureties on a redelivery undertaking given in a certain claim and delivery action wherein this plaintiff was plaintiff and one Pat Buoye was defendant, involving the right to the possession of a certain stallion of the alleged value of $1,000. The complaint in such prior action merely alleged plaintiff's ownership and right to the immediate possession of such animal, and that defendant Buoye wrongfully detained the same from plaintiff, after a demand for possession thereof, and that such stallion was of the value of $1,000. Judgment for the immediate delivery of the animal or for $1,000 in case delivery thereof cannot be had was prayed for, together with the costs and disbursements of the action. It is important here to note the fact that such complaint contained no intimation whatever of any claim for damages either for the alleged wrongful detention or for moneys spent in pursuit of the animal, attorneys' fees, or otherwise. In brief, plaintiff by such complaint evidently elected to limit his redress to a return of the property, or its value in case a return could not be had, and respondents became sureties on the defendant Buoye's redelivery undertaking, with knowledge that plaintiff had thus elected to restrict his right of recovery. Notwithstanding this, plaintiff at the trial of such prior action asked for and was granted, over defendant's objection, leave to amend his complaint by incorporating therein a claim for damages, in the sum of

$1,000 for detention of such animal, and for attorneys' fees and expenses incurred in pursuit of such horse, and by enlarging his prayer for judgment so as to embrace such additional claims. The trial in such claim and delivery action resulted in a verdict in plaintiff's favor, awarding him, among other things, such additional relief in the sum of $915. Judgment was entered accordingly, from which no appeal was taken. Whether it was error to grant such motion to amend the complaint is not here important, nor is it important to decide whether, as to Buoye, the amendment was ever made so as to become effective. We are here concerned only with the legal rights of the parties in the case at bar.

The complaint is in the usual form, alleging the recovery by plaintiff against Pat Buoye of a judgment in such prior action for the return of such stallion, or for its value in the sum of $1,000 in case a return cannot be had; also for the further sum of $915 as damages for the detention of the horse and moneys expended for attorneys' fees, etc., in pursuit of the property, and $66.15 costs, making a total of $1981.15. That such property was taken into plaintiff's possession at the commencement of such claim and delivery action and rebonded by defendant therein through the giving of the usual undertaking for that purpose in the penal sum of $2,000, signed by these defendants as sureties. That, subsequent to the rendition of judgment, execution was issued and returned that said horse could not be found, and it is also therein alleged that no return thereof to plaintiff has ever been made, and no part of the judgment paid or satisfied.

The answer puts in issue each allegation in plaintiff's complaint except the fact that he recovered a judgment against Buoye in the claim and delivery action for the return of such horse, or for the sum of $1,-000 in case a return cannot be had, and for $66.15 costs. Then follows an allegation that immediately after the rendition of such judgment the defendants duly delivered to, and the plaintiff accepted, such stallion, in substantially the same condition as when rebonded, thus satisfying such judgment *pro tanto,* and the defendants therein offered to allow plaintiff to take judgment for the amount of such costs and $5 in addition thereto, with interest, and also all accrued costs of this action.

The answer also contains new matter by way of defense in substance

as follows:   The complaint in the prior action is set forth in full, together with the averment that the same was, at the commencement of such action, January 30, 1908, served with the summons, the affidavit, and the undertaking and notice in claim and delivery.   That Buoye was a man of no financial responsibility.   That in becoming sureties for Buoye on the redelivery bond they relied upon the fact that no claim for damages of any nature was made in the plaintiff's complaint, and they were thereby induced to become such sureties, believing in good faith that they were thereby assuming no liability beyond that of returning the horse, if a return should be adjudged or paying its value in case a return could not be made, and also for any costs of the action adjudged to plaintiff.   That no amendment of the complaint in said action was ever in fact made, and defendants had no knowledge of any request to amend such complaint as aforesaid, nor did they consent thereto.   That by reason of these facts plaintiff is estopped as against these defendants from recovering the item of $915 awarded as damages aforesaid, and they pray that plaintiff be given judgment only for costs adjudged in such prior action with interest, and for accrued costs in the case at bar up to the date of the service of such answer.

A reply to such affirmative defense was served and filed, although this was unnecessary in order to form an issue as to the truth of the allegations in the answer, for they were in law deemed denied.   At the trial, such reply was withdrawn and a demurrer interposed to such defensive matter in the answer upon the ground that it failed to state sufficient facts to constitute a defense.   Such demurrer was overruled, and proof of such defense was made.   In fact the order for judgment recites that there was no controversy as to such facts.   In the light of this, the learned trial court eliminated from the jury's consideration the plaintiff's said claim for damages in the sum of $915, and submitted but two questions to the jury as follows:

Question one:   Did the defendants deliver to the plaintiff, on or about June 15, 1909, that certain stallion involved in this action, in substantially as good condition as when delivered to Pat Buoye under the redelivery bond, and without deterioration in value?

Answer:  Yes.

Question two:   Did the plaintiff, Charles J. Clarke, accept from the

defendants the stallion involved in this action, on or about the 15th day of June, 1909?

Answer: Yes.

Judgment was accordingly rendered in plaintiff's favor in conformity with the prayer of the answer, merely for the costs of the prior action, with interest, from which judgment, plaintiff has appealed.

While numerous specifications of error are alleged, there are but three propositions discussed in the briefs, and we need notice none other.

Under appellant's first point he contends that prejudicial error was committed in rejecting certain evidence offered by him tending to negative defendants' claim that the horse was returned to and accepted by plaintiff in good condition, etc. He also contends that the uncontradicted testimony discloses that the horse was not in as good condition as when the redelivery undertaking was given and under which Buoye obtained possession of such stallion.

There is no merit in either contention. The ruling complained of sustained defendants' objection to the introduction in evidence of a certified copy of a certain chattel mortgage, filed in Pierce county, claimed to have been given by one Weigel to secure a note for $900, running to Ellingson & Gronvold Hardware Company and representing the purchase price of the horse which was sold by Buoye to said Weigel. This testimony was offered as stated in appellant's brief "on the theory that the filing of the certified copy with the register of deeds of Pierce county would tend to show that the defendants, or some one of them was instrumental in bringing the horse from McHenry to Pierce county, and would in a large measure support the testimony of the plaintiff and his witness, and tend to discredit the statement of the defendant bondsmen as made by them upon the witness stand.

"Further in connection with said chattel mortgage, the witness Gronvold . . . was asked by counsel for plaintiff if it was not a fact that the Ellingson & Gronvold Hardware Company had a chattel mortgage on the horse, and that said chattel mortgage had never been satisfied of record, and whether or not at the time of the alleged delivery of the horse to Clark the horse was not free and clear of encumbrance, and whether or not Mr. Clark was informed by him that the

horse was free and clear, to all of which questions the court sustained the objections of defendant's counsel."

The offer was made on the theory that the plaintiff would not knowingly accept a horse of the value of this horse, if the same was at the time encumbered by the $900 mortgage, and that by reason of the ruling of the court the rights of the plaintiff were prejudiced."

Exhibit 16, being the original of such chattel mortgage, was offered and received in evidence. It is dated April 10, 1909, and filed in McHenry county April 12 of that year. The certified copy was filed by some one in Pierce county in July, 1909, but there is no proof connecting any of the defendants therewith. This filing was made shortly after the verdict was returned in the action of Clark v. Buoye finding plaintiff to be the owner of such stallion. Surely, without some foundation being first laid connecting the defendants with the filing of such copy in Pierce county, such evidence was properly rejected, as it could not legally serve as any admission of defendants, by conduct or otherwise, to impeach or discredit their testimony as to the return to and acceptance by plaintiff of the animal in compliance with the conditions of their undertaking.

Upon the contested issue as to whether such stallion was returned to, and accepted by, plaintiff and that he was in good condition, there is a square conflict in the evidence. This being true, it was not error to submit such question to the jury, and we are bound by the findings of the jury in defendants' favor.

Appellant's second point relates to the alleged insufficiency of the evidence as to the return of the horse to and acceptance thereof by him, and the same being already sufficiently answered, need not be further considered.

Appellant's third and last point relates to his alleged right to recover from these defendants the damages for detention, attorneys' fees, traveling expenses in pursuit of the property, etc., embraced in the alleged amendment of his complaint in the prior action, and found in his favor by the verdict of the jury in that action. Conceding for the sake of argument, that such amendment was made and is binding on these sureties, it is entirely clear that a considerable portion of such so-called damages were improperly allowed. We deem this not important or controlling, however, for as we view it these defendants cannot be

held liable on their bond for any of such damages. Our reasons for this conclusion will now be briefly stated.

While the general rule is that sureties on a redelivery undertaking are concluded by the judgment against their principal in the claim and delivery action in the absence of fraud or collusion, this rule, for obviously sound reasons, has well-recognized exceptions. For instance, the prior judgment against the principal is not *res judicata* as to the sureties except as to the matters properly and actually adjudicated thereby. If, in other words, questions wholly foreign to the case, and not put in issue by the pleadings, are therein attempted to be adjudicated, the sureties, not being parties thereto, are clearly not concluded by the judgment. This is both elementary and self-evident.

This court has announced such rule in the following language: "Defendants (sureties) were not parties to that action, and therefore are not bound by the judgment except as to those issues properly therein litigated." Farmers Nat. Bank v. Ferguson, 28 N. D. 352, 148 N. W. 1049. See also Larson v. Hanson, 21 N. D. 411, 131 N. W. 229; New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974.

The inquiry, therefore, arises whether, as to these sureties, the question of damages was properly litigated in the prior action so as to render the judgment therein *res judicata* as to them. In other words, was the question of damages for detention of the horse an issue in that case as to them? We think this must be answered in the negative. The complaint is silent as to any damages for detention suffered by plaintiff; and, while leave to amend was asked for and granted, it appears, in fact it is conceded, that plaintiff never availed himself of such permission by amending his complaint. That it was incumbent upon him to do so is settled in this state. See Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518, and authorities cited. We quote from the syllabus as follows: "The mere granting of leave to amend a pleading does not amend it. Unless the leave is acted upon and the pleading redrawn, including the desired change, the amendment is deemed abandoned." There was, therefore no support in the complaint for a recovery of such damages, and no issue framed in the pleadings as a basis for the jury's finding on the question of damages, nor can it be said that these defendants have in any way waived or estopped themselves from urging this

point. This being true, it follows as a matter of course that as to these sureties, at least, there is no breach of their bond for failing to satisfy that portion of the judgment relating to damages. Such, no doubt, were the views of the learned trial court in refusing to submit to the jury the question of damages, and restricting them to a consideration solely of the questions as to whether on or about June 15, 1909, the defendants returned the horse to plaintiff and he accepted him back in good condition.

The above is, we think, a sufficient answer to appellant's contentions, and leads to an affirmance of the judgment. But we think there is at least one other tenable ground upon which a like conclusion might be reached, and which we will here briefly notice.

These sureties, not being parties to the claim and delivery action, ought not to be bound by the judgment rendered therein except as to the portions thereof having some proper support in the evidence. The record discloses that the plaintiff asked leave to amend so as to recover damages consisting of items not only for the wrongful detention of the property, but for money spent in pursuit thereof, and attorneys' fees, including traveling expenses, etc. Manifestly some of these items relating to attorneys' fees, traveling expenses, etc., were improperly included in the recovery, and the jury's finding fails to disclose how much was allowed for the various expenditures. The finding was as follows:

"We, the jury, in the above entitled action, find that the damages and the value of the use of said property is in the sum of $915."

Plaintiff's failure in the claim and delivery action to obtain a proper adjudication as to his damages operates to defeat a recovery therefor from these sureties, even if an issue involving damages for the detention had been properly raised in the pleadings.

Judgment affirmed.

CHRISTIANSON, J., took no part in the above opinion, Judge J. M. Hanley of the Twelfth Judicial District sitting in his place by request.