## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

D. R. JACOBSEN and Peter Fugelso, Copartners Doing Business under the Firm Name and Style of Jacobsen & Fugelso, Appellants, v. JOHN FORBRAGD, Respondent.

(171 N. W. 624.)

**Sales — liens and mortgages — judgments.**

1. Where the owner of a harness claimed to have sold it on the 22d day of April, 1915, and took a mortgage back from the purchaser on the harness, and claimed to have filed it on the date of the sale, and another took a mortgage on the same harness dated April 20, 1915, and claimed to have seen the harness in the possession of the mortgagor prior to the date of his mortgage, the question of the priority of the mortgages was a question of fact for the jury. The jury having returned a verdict for the defendant and judgment having been entered thereon, it is *held* that such judgment is supported by the evidence.

**Pleadings — amendment.**

2. The complaint substantially stated the value of certain property to be $59, the answer stated it $50. The proof showed it to be $59. Defendant, during the course of the trial, made a motion to amend his pleading to correspond with the proof. He did not redraw the pleading. The court allowed the amendment. The trial was had on the theory that the answer had been amended to correspond with the proof; *held* that this was in accordance with the provisions of § 7482, Compiled Laws 1913.

Opinion filed February 7, 1919. Rehearing denied March 15, 1919.
42 N. D.—1.

Appeal from a judgment of the County Court of Ward County and from an order denying a new trial, *Wm. Murray,* J.

Affirmed.

*W. H. Sibbald,* for appellants.

The permission to amend is not sufficient, the pleadings must be redrawn. Satterland v. Beal, 12 N. D. 122; Bergh v. John Wyman Farm Land & Loan Co. 30 N. D. 165; Clark v. Ellingson, 35 N. D. 546.

*E. R. Sinkler* and *M. O. Eide,* for respondent.

The court will not disturb the verdict unless the errors are prejudicial. McGregor v. G. N. R. R. Co. 31 N. D. 471; Buchanan v. Occident Elev. Co. 33 N. D. 346.

GRACE, J. Appeal from the judgment of the county court of Ward county and from an order denying a new trial, Wm. Murray, Judge.

The action is one in claim and delivery to recover the possession of a certain set of double harness complete with collars. The plaintiff claims possession thereof by reason of a certain chattel mortgage on the harness dated April 22, 1915, and on that day filed in the office of the register of deeds of Ward county, North Dakota. The defendant claims the right to possession by reason of a chattel mortgage upon the same property dated April 20, 1915, and filed on the 21st day of April, 1915, in the office of the register of deeds of said Ward county. Each of said mortgages was executed by one Olof Olson as mortgagor. Olof Olson purchased the harness from Jacobsen & Fugelso for $59. The principal question in the case is: Which of the two chattel mortgages is a prior lien upon the harness? The testimony of Jacobsen, one of the plaintiffs, is very positive that he sold the harness to Olson on the 22d day of April, 1915, for $59, and took his note for that amount, which was secured by the chattel mortgage dated and filed as above stated. Defendant's testimony is equally positive that prior to the 20th day of April, 1915, the date of the chattel mortgage from Olson to the defendant, he had seen the harness in question in the possession of Forbragd, where he was living, two or three days prior to the 20th day of April, 1915. He identified the harness, which he saw at Olson's place two or three days prior to the time he took his mortgage, as the same harness described in his mortgage. This, in substance, being the

state of the testimony, it is apparent there is a direct conflict between the testimony of Jacobsen and that of the defendant. If Jacobsen's testimony relative to the sale of the harness to Olson is correct, then defendant's statement, that he saw the harness in question at Olson's place two or three days before Olson executed the chattel mortgage on the harness to him, cannot be correct; and, if the defendant's statement is correct, then Jacobsen's statement is not correct. Hence a direct conflict in their testimony.

This disputed question of fact was properly one for the jury. It decided in favor of the defendant. Upon this disputed question of fact the verdict of the jury is conclusive. The mortgage to the defendant is prior in point of time as to its date of execution and its filing to that of the plaintiff. In addition to this, the jury placed the stamp of credibility on the testimony of the defendant. The effect of the verdict of the jury is to find that Olson had possession of the harness in question at and prior to the time he executed the mortgage to the defendant. This being true, the defendant's mortgage, which is prior in point of time of execution and filing, is a first lien upon the harness, and the defendant is entitled to the possession of the harness or the value thereof. The defendant, in its answer, claims the value of the harness was $50. The plaintiff, in its complaint, shows that the selling price of the harness was $59, and alleged that the value thereof is $100. The proof showed the value of the harness to be $59. The testimony and the complaint having shown that the value of the harness was $59, the defendant moved to amend his answer and increase his demand for judgment from $50 to $59. The court granted the motion. Upon this plaintiff predicates error. It was not error. The amendment in no manner constituted a variance, nor did it occasion surprise nor mislead the plaintiff. The sole matter affected by the amendment was the allegation in the answer with reference to the value of the harness. The complaint shows that the selling price of the harness was $59. The proof shows the value thereof the same. The amendment was proper under § 7482, Compiled Laws 1913, which reads thus: "The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by

inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

What the court did, in this case, was to conform the answer to the proof. In such case, it is not necessary to redraw the pleading which is amended. In the case at bar, if there had been no application to amend, the judgment would have been supported by the pleadings. The complaint, itself, in effect shows the value of the harness to be $59; the proof clearly shows it, and whatever defect there is in the answer in this regard is cured by the complaint. If the amendment asked for was such as would constitute a variance, or if the amendment was such as would substantially change the nature of the claim or defense, or if the amendment was an extended and complicated one, it would be proper practice to redraw the amendment, following the rule in Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Clark v. Ellingson, 35 N. D. 546, 161 N. W. 199. In such case the court having granted the amendment, any party to the action, whose rights are affected by it, may insist that the pleading which the amendment affects be redrawn. If, however, the amendment is allowed and none of the parties to the action insists that the pleading affected by the amendment be redrawn and it is not, and the trial proceeds on the theory that the amendment is allowed, one, a party to the action, who had an opportunity to insist that the pleading be redrawn and did not do so, cannot complain and should be held to have waived it, and, having tried the case on the theory that the amendment was allowed, he should not be allowed to change his position after the close of the trial nor be heard to insist that the pleading affected by the amendment should have been redrawn.

The object of the trial is to determine the matters in dispute between the parties to the action. Fair and full opportunity should be granted to each party to an action to present fully all matters concerning the subject of litigation. He should not, however, be permitted, knowingly, to remain inactive and impassive and neglect or fail to act to protect his right, and then assign as error that which was as much within his power to prevent as any other party to the action. The trial should not be a contest of skill to see which party to the action may be successful in placing error in the record, but should be an earnest endeavor of

each party to fairly ascertain and determine the respective rights of the parties with reference to the subject of litigation.

We have examined, with considerable care, each of the instructions of the trial court objected to by the appellant, and find no reversible error in the giving of such instructions. It is not necessary to act out the instructions objected to in full, nor discuss them further. There was no error in denying plaintiff's motion for a new trial.

Judgment and order appealed from are affirmed, with statutory costs.