GENERAL TALKING PICTURES CORPORATION v. HAZEL M. JENSEN AND ANOTHER.[1]

December 1, 1933.

No. 29,822.

*Stacker & Stacker* and *William M. Serbine,* for appellant.
*Samuel G. Smilow,* for respondent.

*STONE, Justice.*

Action against principal and surety on a defendant's bond in replevin. From a judgment on the pleadings for plaintiff, only the surety, defendant National Union Indemnity Company, appeals.

The replevin action went against the defendant principal, and the property was delivered to plaintiff. But it got judgment not only for a return of the chattels but also for upwards of $1,100 as dam-

[1]Reported in 251 N. W. 270.

ages for wrongful detention. The replevin complaint was bad as a pleading of special damages; but, in the prayer for relief, damages in the sum of $250 for wrongful retention were demanded. By amendment of the complaint at the trial and upon supporting evidence, recovery was increased as already indicated. There is nothing to suggest that the amendment was improperly allowed or the issue as to special damages improperly litigated. The claim of appellant is that it is under no liability for damages, as distinguished from the value of the property, and that in any event such liability cannot exceed the $250 limit fixed by the complaint in replevin when its bond was given. The claim is unsound.

The bond was in the statutory form (2 Mason Minn. St. 1927, § 9335), the penal sum $4,000, and was thus conditioned:

"Now, therefore, if said property shall be delivered to said plaintiff if a delivery is adjudged, and if said plaintiff shall be paid such sum as for any cause may be recovered against the defendant then this obligation shall be void; otherwise to remain in full force."

It thus appears that appellant became liable contractually for the result of the replevin action if adverse to its principal. Hence its liability is fixed and the judgment in the replevin action conclusive against it under the rule of Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764, 38 A. S. R. 511.

The argument that appellant was not bound by the amendment of the complaint in the replevin action and the resulting increased recovery of special damages runs afoul of the settled rule that:

"The surety on such a bond given in the course of a judicial proceeding is represented in that proceeding by his principal. That the court possessed the power of allowing an amendment which introduced no new cause of action is plain. The surety became such in contemplation of the possible exercise of that power. The penalty of the bond was not exceeded, and an increase in the ad damnum did not introduce a new cause of action." Bierce v. Waterhouse, 219 U. S. 320, 334, 31 S. Ct. 241, 244, 55 L. ed. 237.

We are not here concerned with the unquestioned rule that special damages in replevin are recoverable only when properly pleaded.

Qualy v. Johnson, 80 Minn. 408, 83 N. W. 393. Nor are we interested in the proposition that a plaintiff is so bound by his assertion of value in his own bond and affidavit in replevin that he is estopped from showing a lower value at the trial, "without even attempting to amend [his] their complaint." Weyerhaeuser v. Foster, 60 Minn. 223, 224, 61 N. W. 1129. If, as in Bolton v. Nitz, 88 Mich. 354, 50 N. W. 291, after the defendants had furnished their bond, the complaint in replevin had been so amended as to introduce a new or additional cause of action, another question, not now involved, would be presented. In that case the recovery was for logs cut from land not described in the complaint, which had been amended to exclude the logs originally described and include others cut from land not even referred to by the original complaint.

Clark v. Ellingson, 35 N. D. 546, 161 N. W. 199, was decided in favor of the surety upon the ground that there never had been an amendment of the replevin complaint to bring in the issue of special damages. Of that issue there had never been "proper adjudication." Upon that ground the surety escaped liability. The rule applied in New England F. & C. Co. v. Bryant, 64 Minn. 256, 66 N. W. 974, is simply that a plaintiff in replevin who inadvertently or otherwise elects to take an absolute judgment for the value of property, instead of one in the alternative for its return or for its value in case it cannot be returned (the latter being the only judgment authorized by our statute), cannot recover against the surety on a redelivery bond. That is because the latter's obligation is to answer for his principal's default under an alternative rather than an absolute judgment for money.

Judgment affirmed.